UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(NORTHERN DIVISION)

| | |
|---|---|
| ERIC ROGERS, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action Number 2:14-cv-1178-WHA |
| | ) DEMAND FOR JURY TRIAL |
| CAPITAL ONE BANK (USA), N.A., EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION LLC, and EQUIFAX INFORMATION SERVICES, LLC, | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff ERIC ROGERS by and through his undersigned counsel, and alleges as follows, upon personal knowledge as to his and her own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorney:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA")

2. Congress, when it enacted the FCRA in 1970, mandated the existence and use of reasonable procedures to assure the maximum accuracy of the personal and

1

financial information compiled concerning consumers and sold to users by consumer reporting agencies ("CRAs").

3. On December 4, 2003, President George W. Bush signed into law the Fair and Accurate Credit Transactions Act ("FACTA").

> This legislation gives consumers unprecedented tools to fight identity theft and continued access to the most dynamic credit markets in the world. With a free credit report and powerful new tools to fight fraud, consumers have the ability to better protect themselves and their families.[1]

4. The stated purpose of FACTA is "to prevent identity theft, improve resolution of consumer disputes, improve the accuracy of consumer records, make improvements in the use of, and consumer access to, credit information, and for other purposes."[2]

5. Towards this end, Congress provided "powerful new tools" to consumers, including the right to obtain free credit reports due to identity theft and to the right to request the truncation of Social Security numbers on consumer disclosures (commonly referred to as credit reports).

6. FACTA also imposed additional duties on consumer reporting agencies to repair the damage done to identity theft victims' credit files by blocking information that is the result of identity theft.

---

[1] http://georgewbush-whitehouse.archives.gov/news/releases/2003/12/20031204-3.html as of November 17, 2014.

[2] Pub. L. No. 108-159 (2003).

7. Likewise, the FCRA imposes duties on persons who furnish information to a consumer reporting agency ("furnisher"). *See* 15 U.S.C. §§ 1681s-2(a), (2), (4), (5)[3]. Specifically, the furnisher must satisfy five (5) duties after receipt of notice of a consumer dispute from a consumer reporting agency. 15 U.S.C. § 1681s-2(b).

8. The instant lawsuit seeks compensatory, statutory and punitive damages, costs of suit and attorneys' fees for Plaintiff, resulting from the defendants' failure to comply with the FCRA.

## JURISDICTION & VENUE

9. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1681p.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

11. Plaintiff Eric Rogers ("Plaintiff") is a consumer as defined by 15 U.S.C. § 1681a(c) and an adult resident of this judicial district.

12. Defendant Equifax Information Services, LLC ("Equifax") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). In all respects and all times relevant herein, Equifax was doing business in this judicial district.

13. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). In all respects and all times relevant herein, Experian was doing business in this judicial district.

---

[3] Plaintiff is not making a claim against any of the defendants pursuant to 15 U.S.C. § 1681s-2(a).

14. Defendant TransUnion LLC ("Trans Union") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). In all respects and all times relevant herein, Trans Union was doing business in this judicial district.

15. Equifax, Experian and Trans Union are referred to collectively throughout as the "CRA Defendants."

16. Defendant Capital One Bank (USA), N.A. ("Capital One") is a person who furnishes information to consumer reporting agencies as defined by 15 U.S.C. § 1681a(f). In all respects and all times relevant herein, Capital One was doing business in this judicial district.

## FACTUAL ALLEGATIONS

17. Plaintiff is a victim of identity theft.

18. A Capital One account was opened in Plaintiff's name in or around 9/9/2006. ("the Account").

19. The Account information reported by the defendants is false because Plaintiff did not open or authorize the Account to be opened in his name.

20. The CRA Defendants reported the Account information concerning Plaintiff to third parties, including false personal identifying information (such as false names and false addresses (hereinafter "the inaccurate information").

21. Equifax prepared and issued credit reports to third parties concerning Plaintiff that included the inaccurate information, including personal identifying

4

information and credit information relating to the Account. Beginning in November 2012, Equifax received notice that Plaintiff was a fraud victim. Plaintiff notified Equifax that he disputed the inaccurate information, including the Account. Equifax continued to report inaccurate information concerning Plaintiff. Equifax notified Plaintiff of its intent to continue to report inaccurate information concerning Plaintiff. Plaintiff notified Equifax that he was a fraud victim. Plaintiff requested Equifax send him his free credit report. On at least one occasion, Equifax failed to send him his free credit report. Plaintiff asked Equifax to send him his credit report with his Social Security number redacted. Equifax failed to redact Plaintiff's Social Security number. Plaintiff requested Equifax to add the following statement to his credit report, "I did not open an account with Capital One. The Capital One account is a result of fraud." Equifax did not add the statement to Plaintiff's file. Plaintiff requested Equifax to provide him with the steps it undertook while reinvestigating the disputed information. Equifax did not provide Plaintiff with the requested information.

22. Experian prepared and issued credit reports to third parties concerning Plaintiff that included the inaccurate information, including personal identifying information and credit information relating to the Account. Beginning in November 2012, Experian received notice that Plaintiff was a fraud victim. Plaintiff notified Experian that he disputed the inaccurate information, including

the Account. Experian continued to report inaccurate information concerning Plaintiff. Experian notified Plaintiff of its intent to continue to report inaccurate information concerning Plaintiff. Plaintiff notified Experian that he was a fraud victim. Plaintiff requested Experian add the following statement to his credit report, "I did not open an account with Capital One. The Capital One account is a result of fraud." Experian did not add the statement to Plaintiff's file. Plaintiff disputed the Account again to Experian. Plaintiff provided Experian with his name, Social Security number, and copies of his driver's license and Social Security card. Experian notified Plaintiff that it would not reinvestigate his dispute or send him his free credit report.

23. Trans Union prepared and issued credit reports to third parties concerning Plaintiff that included the inaccurate information. Plaintiff notified Trans Union that he disputed the accuracy of the information reported by Trans Union. Plaintiff requested a free credit report due to fraud. Plaintiff provided Trans Union with a copy of his Social Security card and driver's license. Trans Union did not provide Plaintiff with his consumer disclosure in response to his request. Trans Union verified false information. Plaintiff requested Trans Union to add the following statement to her file, "I did not open an account with Capital One. The Capital One account is a result of fraud." Trans Union did not add the statement to Plaintiff's file. Plaintiff requested Trans Union provide him with the steps it undertook when

completing its investigation. Trans Union did not provide Plaintiff the requested information.

24. Plaintiff notified the CRA Defendants that their reporting of the Account was inaccurate. At least one CRA notified Capital One of Plaintiff's dispute.

25. Capital One verified the account to at least one consumer reporting agency.

26. Capital One did not review any information from third parties pertaining to Plaintiff's dispute.

27. Capital One did not review any underlying account documents, such as the Account application, in response to notice of Plaintiff's dispute.

28. Capital One did not contact Plaintiff as a part of its investigation.

29. As a result, of the above-described actions and inactions of the defendants, Plaintiff suffered harm, including damage to reputation, invasion of privacy, damage to creditworthiness, credit denials, reduction in credit score, mental and emotional anguish, out of pocket expenses, interference with normal and usual activities.

## FIRST CLAIM FOR RELIEF

(against Experian)
(Negligent Non-Compliance with FCRA)

30. Plaintiff adopts and incorporates the above numbered paragraphs as if fully stated herein.

31. Experian negligently failed to comply with the requirements of the FCRA, including §§ 1681e, i and c-1.

32. As a result of Experian's failure to comply with the requirements of the FCRA, plaintiff suffered and continues to suffer actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

33. Plaintiff requests attorney fees pursuant to § 1681o(a).

SECOND CLAIM FOR RELIEF
(against Experian)
(Willful Noncompliance with FCRA)

34. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

35. Experian willfully failed to comply with the requirements of the FCRA, including §§ 1681e, i, and c-1.

36. As a result of Experian's failure to comply with the requirements of the FCRA, plaintiff suffered and continues to suffer actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the

jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

37. Plaintiff requests attorney fees pursuant to § 1681n(a).

### THIRD CLAIM FOR RELIEF
(against Trans Union)
(Negligent Non-Compliance with FCRA)

38. Plaintiff adopts and incorporates the above numbered paragraphs as if fully stated herein.

39. Trans Union negligently failed to comply with the requirements of the FCRA, including §§ 1681e, i and c-1.

40. As a result of Trans Union's failure to comply with the requirements of the FCRA, plaintiff suffered and continues to suffer actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

41. Plaintiff requests attorney fees pursuant to § 1681o(a).

### FOURTH CLAIM FOR RELIEF
(against Trans Union)
(Willful Noncompliance with FCRA)

42. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

43. Trans Union willfully failed to comply with the requirements of the FCRA, including §§ 1681e, i, and c-1.

44. As a result of Trans Union's failure to comply with the requirements of the FCRA, plaintiff suffered and continues to suffer actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

45. Plaintiff requests attorney fees pursuant to § 1681n(a).

### FIFTH CLAIM FOR RELIEF
(against Capital One Trans Union)
(Negligent Non-Compliance with FCRA)

46. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

47. Capital One negligently failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

48. As a result of Capital One's failure to comply with the FCRA, plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to credit reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual

activities for which Plaintiff seeks damages in an amount to be determined by the jury.

49. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

### SIXTH CLAIM FOR RELIEF
(against Capital One)
(Willful Noncompliance with FCRA)

50. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

51. Capital One willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

52. As a result of Chase's failure to comply with the FCRA, plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to credit reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

53. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

54. Plaintiff requests a jury trial on all claims.

### SEVENTH CLAIM FOR RELIEF
(against Equifax)
(Negligent Non-Compliance with FCRA)

55. Plaintiff adopts and incorporates the above numbered paragraphs as if fully stated herein.

56. Equifax negligently failed to comply with the requirements of the FCRA, including §§ 1681e, g, i and c-1.

57. As a result of Equifax's failure to comply with the requirements of the FCRA, plaintiff suffered and continues to suffer actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

58. Plaintiff requests attorney fees pursuant to § 1681o(a).

### EIGHTH CLAIM FOR RELIEF
(against Equifax)
(Willful Noncompliance with FCRA)

59. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

60. Equifax willfully failed to comply with the requirements of the FCRA, including §§ 1681e, g, i, and c-1.

61. As a result of Equifax's failure to comply with the requirements of the FCRA, plaintiff suffered and continues to suffer actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of

privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

62. Plaintiff requests attorney fees pursuant to § 1681n(a).

## PRAYER

WHEREFORE, Plaintiff prays for judgment against defendants as follows:

On the First Claim for Relief:

    1.    Actual damages to be determined by the jury; and

    2.    Attorney fees.

On the Second Claim for Relief:

    1.    Actual damages to be determined by the jury;

    2.    Statutory damages to be determined by the jury;

    3.    Punitive damages to be determined by the jury; and

    4.    Attorney fees.

On the Third Claim for Relief:

    1.  Actual damages to be determined by the jury; and

    2.  Attorney fees.

On the Fourth Claim for Relief:

    1.    Actual damages to be determined by the jury;

    2.    Statutory damages to be determined by the jury;

    3. Punitive damages to be determined by the jury; and

    4. Attorney fees.

On the Fifth Claim for Relief:

    1. Actual damages to be determined by the jury; and

    2. Attorney fees.

On the Sixth Claim for Relief:

    1. Actual damages to be determined by the jury;

    2. Statutory damages to be determined by the jury;

    3. Punitive damages to be determined by the jury; and

    4. Attorney fees.

On the Seventh Claim for Relief:

    3. Actual damages to be determined by the jury; and

    4. Attorney fees.

On the Eighth Claim for Relief:

    5. Actual damages to be determined by the jury;

    6. Statutory damages to be determined by the jury;

    7. Punitive damages to be determined by the jury; and

    8. Attorney fees.

On All Claims for Relief:

    1. Costs and expenses incurred in this action.

Dated this 26th day of November 2014.

Respectfully submitted,

_____
Micah S. Adkins (ASB-8639-I48A)
THE ADKINS FIRM
301 19th Street North, Suite 581
Birmingham, AL  35203
Telephone:  205.458.1202
Facsimile:  205.208.9632
Email:       MicahAdkins@ItsYourCreditReport.com